Janet Segle                                    The Honorable Robert J. Bryan

203 Some Day Way

Sequim, WA 98382

seglej@gmail.com

Pro Se

## UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON

Janet Segle,                              **Case No.: C10-5655 RJB**

      Plaintiff,

      vs.                              **PLAINTIFF'S VERIFIED**

PNC Mortgage, PNC Bank,                   **FIRST AMENDED COMPLAINT**

National Association sbn

National City Mortgage,

Northwest Trustee Service Inc.

      Defendant

NOW COMES Plaintiff, Janet Segle, Pro Se, for cause against the Defendants as follows:

### I. PARTIES

Plaintiff, Janet Segle, is the legal and equitable owner in possession of real property legally described:

Parcel "A" of Survey recorded February 24, 1993 in volume 26 of Surveys on page 59 under Recording No. 682595, being a portion of the Northwest quarter of the Northeast quarter of the Southeast quarter and of the Northeast quarter of the Northwest quarter of the Southeast quarter, all in Section 20, Township 30 North, Range 4 West, W.M. Situate in the County of Clallam, State of Washington More accurately described as:

Parcel "A" of boundary line adjustment survey recorded February 24, 1993 in Volume 26 of surveys, page 59 under Clallam County Recording No. 682595,

Plaintiff First Amended Complaint - 1

being a portion of the Northeast quarter of the Southeast quarter of Section 20, Township 30 North Range 4 West, W.M. Clallam County Washington. Situate Clallam County, State of Washington. Together with an easement for ingress, egress and utilities as disclosed by Clallam County Auditor's File No. 477369. With the common address of: 203 Some Day Way Sequim, WA 98382

2. Defendant PNC Mortgage/Bank,

3. Defendant National Association sbm National City Mortgage a division of
   National City Bank

4 Northwest Trustee Service Inc.

## II.    JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction of the subject matter because the Truth In Lending Act and Regulation Z are Federal Laws

## III.    GENERAL ALLEGATIONS
### COUNT I.
### DECLARATORY RELIEF BASED ON TILA/RESPA VIOLATIONS/RECISSION (Reg.Z)

6. It was found through review of a preliminary forensic audit [to be delivered to Plaintiff soon in hard copy and entered as supplemental evidence] of the loan documents that various violations of the Truth In Lending Act exist.

7. TILA does not require Plaintiff to notify Defendants of specific violations. Under the Federal Rules of Civil Procedures, it may be sufficient to plead that the TILA has been violated. (Fed.R. Civ. P. 8(a)). Specific violations do not necessarily have to be alleged with particularity, (Brown v. Mortgagestar, 194 F. Supp. 2d 473 (S.D. W. Va. 2002) (notice pleading is

Plaintiff First Amended Complaint - 2

all that is required in TILA case); Herrara v. North & Kimball Group, Inc.,
2002 WL 253019 (N.D. Ill. Feb.. 20, 2002) (notice pleading sufficient;
response to motion to dismiss can supplement complaint by alleging facts re
specific documents assigned); Staley v. Americorp. Credit Corp., 164 F. Supp.
2d 578 (D. Md. 2001) (Pro Se need not specify specific statute or regulations
that entitle her to relief; court will examine complaint for relief on any
possible legal theory); Hill v. GFC Loan Co., 2000 U.S. Dist. Lexis 4345
(N.D. Ill. Feb. 15, 2000).

8. Plaintiff was unaware of the potential for concealed violations of any
kind until news reports surfaced of deceptive practices of large financial
institutions that were being discovered country wide. In the interest of
saving paper and this Honorable Court's time, please see the following link
to a slide show, presented by the Office of The Attorney General Of Florida,
Economic Crimes Division on Unfair-Deceptive and Unconscionable Acts in
Foreclosures, for the sole purpose of showing: 1) the kinds of deceptive
practices going on inside and outside of foreclosure cases nationwide 2.) A
pattern of deceit

     http://www.scribd.com/doc/46258574/Florida-Attorney-General-Unfair-
Deceptive-and-Unconscionable-Acts-in-Foreclosure-Cases. Exhibit "A"

9. Discovery that large financial institutions were blatantly breaking the
law such as not giving proper disclosures, forging document, creating false
documents for submission to the courts and falsifying incomes and other
information from applicants triggered Plaintiff's need to investigate to be
sure that Plaintiff was not a victim of such practices. Exhibit "B" (I would
like this Honorable Court to see that even though I am a Pro Se litigant I
have made a serious effort at research).

10. Since Plaintiff had no reason to even suspect that government regulated financial institutions would commit such acts and could not have discovered even the possibility of such concealed acts, the principal of Equitable Tolling does apply to the three year period of rescission. The equitable tolling principles are to be read into every federal statute of limitations unless Congress expressly provides to the contrary in clear and unambiguous language, (See Rotella v. Wood, 528 U.S. 549,560-61, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)). Since TILA does not evidence a contrary Congressional intent, its statute of limitations must be read to be subject to equitable tolling, particularly since the act is to be construed liberally in favor of consumers. The Ninth Circuit has explained that the doctrine of equitable tolling "focuses on excusable delay by the Petitioner," and inquires whether "a reasonable Petitioner would ... have known of the existence of a possible claim within the limitations period." Johnson v. Henderson, 314 F.3d, (9th Cir.2002), Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir.2000). Equitable tolling focuses on the reasonableness of the Petitioner's delay and does not depend on any wrongful conduct by the Defendants. Santa Maria. at 1178.

11. Upon learning of the potential for various TILA violations the Plaintiff sent Qualified Written Request, Demand for Validation of the alleged debt (per FDCPA) and Demand for audits of the entire account on or about May 3, 2010 (see EXHIBIT "C"-QWR).

12. Response to the Qualified Written Request is required to be acknowledged with 20 days of receipt and concerns are to be addressed within 60 days of receipt pursuant to Real Estate Settlement and Procedures Act (RESPA section 6).

13. Acknowledgement was received for QWR though failure to respond or deficient response is a violation.

14. On June 24,2010 a Notice Of Right To Cancel, was sent to Defendants by Plaintiff, (see Exhibit "D"). The Documents mailed to defendants all contain the Notice "NOTICE TO AGENT IS NOTICE TO PRINCIPAL "conspicuously.

15. Notice Of Right To Cancel requires that Defendants; a.) cancel all security interest in the subject property, b.) return all money given to anyone even third parties c.) file for Declaratory Judgment in the appropriate court if the Defendant disagrees with the rescission within 20 days of receipt of the Notice of Right To Cancel. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d) (2), 226.23(d) (2).

16. Defendant(s) have not complied with U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2)

17. After the creditor has complied with the preceding mandate [paragraph #12], the consumer may tender back to the creditor any money or property received or if the latter is not practical, tender the value thereof. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(3), 226.23(d)(3).

18. The Congress of the United States intended to make rescission remedy available in all instances where prohibited conduct occurs in the course of the credit transaction. Rescission is applicable in this case because the principal dwelling in question is a refinance Reg. Z. § 226.2(a)(11).

19. The statute and regulation specify that the security interest and promissory note arising by operation of law on the property becomes

automatically void upon mailing the Notice of Right To Cancel. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.). Also, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute and not subject to judicial modification. This requires any and all of the Defendants who are claiming interest to submit canceling documents creating the security interest and filing release or termination statements in the public record. (Official Staff Commentary §§ 226.15(d)(2)-3, 226.23(d)(2)-3.) The statute and Regulation Z make it clear that if Plaintiff has the extended right and chooses to exercise it, the security interest and obligation to pay charges are automatically voided. (Cf. Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704-05 (9th Cir.1986) (courts do not have equitable discretion to alter substantive provisions of TILA, so cases on equitable modification are irrelevant). The statute, section 1635(b) states: "When an obligor exercises his right to cancel…, any security interest given by the obligor… becomes void upon such rescission". Also, it is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1625(b). The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. Neither case law nor statute gives courts equitable discretion to alter TILA's substantive provisions. Since the rescission process was intended to be self-enforcing, failure to comply with the rescission obligations subjects the Defendants to potential liability.

20. Non-compliance is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC 1640. TILA rescission does not only cancel a security interest in the property but it also cancels any liability for the Plaintiff to pay finance and other charges, including accrued interest, points, broker fees, closing costs. The lender must refund to Plaintiff, all finance charges and fees paid. Since Defendants responded deficiently, they are in default, thus Plaintiff, has the option of enforcing the rescission right in the federal, bankruptcy or state court (See S. Rep. No. 368, 96th Cong. 2 Sess. 28 at 32 reprinted in 1980 U.S.C.A.N. 236, 268 ("The bill also makes explicit that a consumer may institute suit under section 130 [15 U.S.C., 1640] to enforce the right of rescission and recover costs and attorney fees"). TILA rescission does not only cancel a security interest in the property but it also cancels any liability for Plaintiff to pay finance and other charges, including accrued interest, points, broker fees, closing costs and the lender must refund to Plaintiff, all finance charges and fees paid. Thus, Defendant(s) are obligated to return those charges to Plaintiff, (Pulphus v. Sullivan, 2003 WL 1964333, at *17 (N.D.Apr. 28, 2003) (citing lender's duty to return consumer's money as reason for allowing rescission of refinanced loan)

21. Except where Congress has explicitly relieved lenders of liability for noncompliance, TILA is a strict liability statute. (Truth-In-Lending, 5th Edition, National Consumer Law Center, 1.4.2.3.2, page 11).

22. The process starts with the consumer's notice to the creditor that she is rescinding the transaction. As the bare bones nature of the FRB model notice demonstrates, it is not necessary to explain why the consumer is canceling. The FRB Model Notice simply says: "I WISH TO CANCEL," followed by a signature and date line (Arnold v. W.D.L. Invs., Inc., 703 F.2d 848, 850 (5th Cir.

1983) (clear intention of TILA and Reg. Z is to make sure that the creditor gets notice of the consumer's intention to rescind)). The statute and Regulation Z states that if creditor disputes the consumer's right to rescind, it is mandated to: a.) file a declaratory judgment action within the twenty days after receiving the rescission notice, before its deadline to return the consumer's money or property and b.) Record the termination of its security interest (15 USC 1625(b)). Once the lender receives the notice, the statute and Regulation Z mandate 3 steps to be followed. First, by operation of law, the security interest and promissory note automatically becomes void and the consumer is relieved of any obligation to pay any finance or other charges (15 USC 1635(b); Reg. Z-226.15(d)(1),226.23(d)(1). See Official Staff Commentary § 226.23(d)(2)-1. (See Willis v. Friedman, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002) (Once the right to rescind is exercised, the security interest in the Plaintiff's property becomes void from the beginning). Thus, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. (See Family Financial Services v.Spencer, 677 A.2d 479 (Conn. App. 1996) (all that is required is notification of the intent to rescind, and the agreement is automatically rescinded).It is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1635(b). Modification of procedure does not authorize a court to disregard or deny rescission that is automatic as a matter of law. The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. The statute makes no distinction between the rights to rescind in 3-days or extended as neither cases nor statute give courts equitable discretion to alter TILA's substantive provisions.

22. Second, since Plaintiff has legally rescinded the loan transaction [deed of trust], the Defendants, [alleged holders] must return any money, including that which may have been passed on to a third party, such as a broker or an appraiser and to take any action necessary to reflect the termination of the security interest within 20 calendar days of receiving the rescission notice, which has expired. The creditor's other tasks are to take any necessary or appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within 20 days of the creditor's receipt of the rescission notice (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2) and to file for Declaratory Judgment if they disagree with the rescission.

23. Plaintiff is prepared, ready, willing and able to discuss a tender offer, should it arise, and satisfactory ways in which to meet the obligation. The termination of the security interest and return of funds **is required** before tendering. Steps 1 and 2 have to be respected by Defendant(s) as it is yet to be determined if any hold a bone fide interest that entitles them to same.

**RELEIF**

**WHEREFORE,** for the reasons set forth in paragraphs 1 through 23, inclusive, the Plaintiff;

1.)   Seeks Declaratory Judgment that any claims/security interest/the Defendants and each of them purports to hold, real or implied is void/extinguished as a result of violations in TILA/RESPA/REG Z and rescission is therefore enforced.

**COUNT II**

**QUIT TITLE**

24. Plaintiff re-alleges the allegations in paragraphs 1 through 23 above, inclusive.

25. The consumer must send a written notice to the creditor to trigger the rescission process. When the notice of rescission has been mailed, the notice is considered given. Reg. Z. §§ 226.15(a)(2), 226.23(a)(2). When the consumer rescinds, the security interest automatically becomes void. The consumer is relieved of any obligation to pay any finance charge or any other charge. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(1), 226.23(d)(1). Rescission voids the mortgage and is a complete defense to foreclosure. Yslas v. K.K. Guenther Builders, Inc., 342 So.2d 859 (Fla.2d D.C.A. 1977). See Beach v. Great Western Bank, 670 So.2d 986 (Fla. 4th D.C.A. 1996). The creditor has twenty days from receipt of the consumer's rescission notice to return any money or property given to anyone and to take appropriate and necessary action to reflect the termination of the security interest. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2). After the creditor has complied with the preceding mandate, the consumer tenders back to the creditor any money or property received. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(3), 226.23(d)(3).

26. When the creditors interest is made void by the above mandate, that voiding is absolute. That notwithstanding, it appears to be the industry standard to ignore the consumer's Notice of Right to Cancel and proceed to sale with properties that creditors no longer hold an interest in. Plaintiff's review of cases listed on Pacer as well as reading of articles written by consumer advocates and attorneys indicates that large numbers of creditors are ignoring the law which amounts to stealing homes. Defendants

Plaintiff First Amended Complaint - 10

have failed or refused to comply with Federal Law as if they are somehow above the law and allowed to ignore the consumer, Plaintiff, and proceed as they wish.

27. Plaintiff knows that Defendants intend to sell the Plaintiff's property at a foreclosure sale,(was originally scheduled for December 27, 2010, since been postponed until February 25, 2011), despite the lack of a legal interest in same, leaving Plaintiff irreparably damaged.

28. The intent of the Federal Reserve Board was for the law to be self-enforcing, yet reliance on self-enforcement could be to the detriment of Plaintiff and her family. Though Plaintiff is ready willing and able to discuss tender, **provided the Defendants comply with federal mandate**, Plaintiff is compelled to make every attempt to protect her rights and her family from harm. Defendants void interest cannot be ignored even though Plaintiff is untrained in law and without assistance of counsel and may not have the ability plead artfully or skillfully.

29. It is Plaintiff's belief and understanding that the United States of America is a Nation of Laws and Not of Men. If that is, in fact, true the law must be respected and not disregarded by those of greater stature than others.

**RELIEF**

**WHEREFORE**, for the reasons set forth in paragraphs 1 through 29, inclusive Plaintiff;

Plaintiff First Amended Complaint - 11