UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANET SEGLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PNC MORTGAGE, a division of PNC Bank National Association, NATIONAL ASSOCIATION, sbn, NATIONAL CITY MORTGAGE, and NORTHWEST TRUSTEE SERVICE INC.,<br><br>　　　　Defendants. | CASE NO. C10-5655RJB<br><br>**ORDER RENOTING PNC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) AND MOTION OF DEFENDANT NWTS TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(5) AND TO JOIN PNC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6)** |

　　This matter comes before the Court on PNC Mortgage, a division of PNC Bank, National Association and National City's successor-by-merger's ("PNC") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (6) (Dkt. 23) and Northwest Trustee Services, Inc.'s ("NWTS") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(5) and to Join PNC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (6) (Dkt. 26).  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

### I.   **FACTUAL AND PROCEDURAL BACKGROUND**

　　On September 14, 2010, Plaintiff filed, pro se, this action regarding a loan made to her to

ORDER
Page 1

refinance her primary residence located in Clallam County, Washington. Dkt. 1. Plaintiff filed her Verified First Amended Complaint on January 18, 2011, alleging that Defendants violated her rights under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Dkt. 20. Plaintiff references "RESPA," and "Reg Z, §§ 226.15(d)(2), 226.23(d)(2)." *Id*. She also makes a claim to "Quiet Title." *Id*. Plaintiff seeks declaratory relief, "rescission," and an order "compelling said Defendant(s) and each of them to transfer legal title of the subject property to Plaintiff herein." *Id.*

On February 1, 2011, PNC filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(6). Dkt. 23. On February 3, 2011, NWTS filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(5) and to Join PNC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (6). Dkt. 26.

## II.   DISCUSSION

### A.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) - STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

**B.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(5) - STANDARD**

Pursuant to Fed. R. Civ. P. 12 (b)(5), a party may move to dismiss a case for insufficient service of process.

**C.    NOTIFICATION OF MOTION TO DISMISS**

Plaintiff has failed to respond to Defendants' motions to dismiss. Plaintiff should be aware that pursuant to Western District of Washington Local Rule of Civ. P. 7 (d) (3), failure to oppose a motion may be construed as an admission that the motion has merit. Plaintiff should further be aware that if these motions to dismiss are granted, her case will be dismissed. Defendants' motions to dismiss were noted for consideration on the Court's February 25, 2011, calendar. With this warning in mind, Plaintiff may file a response to the motions, if she so chooses, on or before March 11, 2011. Defendants may file a reply, if any, by March 18, 2011. Defendants' motions should be renoted for March 18, 2011.

ORDER
Page 3

1                                       **III.  ORDER**

2     Therefore, it is hereby, **ORDERED** that:

3 • PNC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (6) (Dkt. 23) and NWTS's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(5) and to Join PNC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (6) (Dkt. 26) **ARE RENOTED** to **March 18, 2011.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of February, 2011.

Robert J Bryan
United States District Judge