```
Janet Segle                                The Honorable Robert J. Bryan
203 Some Day Way
Sequin, WA 98382
seglej@gmail.com
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TOCOMA

| | |
|---|---|
| JANET SEGLE | ) Case No.: C10-5655 RJB |
|  | ) VERIFIED |
| Plaintiff, | ) PLAINTIFF'S COMBINED RESPONSE TO |
|  | ) DEFENDANT(S) MOTION(S) TO DISMISS PURSUANT |
| vs. | ) TO FRCP 12 (b) (6) |
|  | ) |
| PNC MORTGAGE, a division of PNC BANK | ) *NOTICE ON MOTION CALENDAR*; |
| NATIONAL ASSOCIATION,sbn, NATIONAL CITY | ) MARCH 18, 2011 |
| MORTGAGE, and NORTHWEST TRUSTEE SERVICE | ) |
| INC., | ) |
| Defendant(S) | |

NOW COMES Plaintiff, JANET SEGLE, pro se, without counsel and untrained in law with verified response to Defendant(s);PNC Mortgage, a division of PNC Bank, National Association and National City's successor by merger's ("PNC") Motion to Dismiss pursuant to FRCP 12 (b) (6)(Dkt23) and Northwest Trustee Service Inc.'s ("NWTS") Motion to Dismiss Pursuant to FRCP 12 (b) (5) and to join PNC's Motion to Dismiss Pursuant to FRCP 12 (b)(6)(Dkt 26) as a combined response to both motions.

**I. INTRODUCTION**

1.) Plaintiff failed to respond to said motions by Defendants Motion(s) for two reasons:   A.) Plaintiff has been impaired by a serious medical condition involving erratic changes in blood pressure which diminished her ability to function normally.
B.) Plaintiff was without adequate information.  Begging the indulgence of the Court and the Defendants to explain, Plaintiff states that she paid for not one but two forensic loan audits between April of 2008 and the present date that were never delivered in hard copy.  Phone

Plaintiff - Segle - Response MTD- 1

1  conversations with audit providers alerted Plaintiff to violations that
2  were allegedly found in the loan documents.  Said violations were the
3  basis for Plaintiff's Original complaint and Amended Complaint.
4  2.) Plaintiff is untrained in law and procedure and in want of counsel and made a best
5  effort attempt at pleading under exigent circumstances.
6  3.) Plaintiff is not attempting to "avoid her mortgage obligations" as has been stated
7  by counsel for PNC, rather Plaintiff has been and continues to attempt to ascertain
8  who the real party in interest actually is so that she may negotiate directly with
9  said party as well as to prevent a potentially unlawful foreclosure by parties that do
10 not hold a lawful interest in the subject loan.
11 4.) Without answers to the Qualified Written Requests sent to Defendants and without
12 hard copy completed audits, on top of no knowledge at all of how to proceed with and
13 carry out a lawsuit, Plaintiff has made numerous mistakes.
14 5.) Plaintiff concedes that NWTS Motion to Dismiss Pursuant to FRCP 12 (b) (5) has
15 merit.
16 6.) Plaintiff concedes that PNC'S Motion to Dismiss Pursuant to FRCP 12 (b) (6) has
17 merit in part as related to TILA Rescission (Reg. Z §226.23) barred by statute of
18 repose.  Plaintiff was unaware of the Beach v Ocwen Federal, 523 U.S. 410,411-
19 412(1998) Case, however counsel for Defendant PNC misrepresents the facts in stating
20 that "National City provided Plaintiff with all the disclosures required by TILA" (MTD
21 line 6 page 5) which the hard copy audits, now in possession of the Plaintiff shows.
22 7.) Counsel for PNC cites that Plaintiff "acknowledged receipt of copies of all
23 disclosures" (lines 5 and 6 of page 7 MTD).  An acknowledgement of some disclosures
24 that may or may not be properly prepared is, as counsel pointed out, nothing more than
25 a rebuttable presumption and not a confession to receipt of all material disclosures.
26 8.) Plaintiff did believe that she alleged a violation of RESPA section 6 (12 U.S.C.
27 §2605) in the Defendants failure to provide Plaintiff with the answers and
28 documentation she requested in the Qualified Written Requests, but can now see that,
   as worded in the Complaint there may have been some confusion as to the allegation.

Plaintiff - Segle - Response MTD- 2

9.) Defendant PNC did acknowledge the Qualified Written Request within 20 days as required but failed or refused to answer the questions and supply the documentation requested by Plaintiff within 60 days as required by RESPA Section 6 (2605).

10.) As a result of this failure or refusal Plaintiff suffered the damage of not having critical information that would allow her to know exactly who the real party of interest in the loan was as well as if proper recording and transfer and negotiation procedures were followed that give rights in her home to a party alleging to have same. In light of all the media coverage about double pledging of loans and other improprieties in the mortgage industry, Plaintiff has been foreclosed of the knowledge of if she will be subjected to or ability to protect herself from further litigation by other parties claiming an interest in her property.

11.) Plaintiff concedes that she has not plead the appropriate causes of action or their elements because the appropriate information necessary to do so was withheld from her by PNC and from two service providers that Plaintiff contracted with.

12.) Plaintiff concedes that Fair Debt Collection Practices Act Cause of action was not properly plead. That notwithstanding, the recently received Forensic Audit and Securitization Audit give rise to FDCPA violations as a plausible cause of action if plead properly and in the context of the evidence within those audits.

13.) Plaintiff concedes that Quiet Title as currently plead is improper. That notwithstanding, the recently received Forensic Audit and Securitization Audit give rise to Quiet Title as a plausible cause of action if properly plead and in the context of the evidence within those audits.

14,) Counsel for Defendant PNC cites, in pertinent part "Ms. Segle actually seeks not to quiet title but to have the Court Judicially release her from her mortgage debt- i.e., give her a free house at PNC's expense."(Line 10, 11, 12 page 11 MTD).  Nothing could be farther from the truth.  Plaintiff has no legal education or experience and for counsel to use superior knowledge of the law and procedure to disparage Plaintiff is senseless even though it may be allowed and may be common practice among the legally educated.  Plaintiff has confessed to her own inexperience and mistakes, but

Plaintiff - Segle - Response MTD- 3

takes offense to the intimation that she is somehow seeking "a free house" at anyone's expense. All Plaintiff has ever wanted was to be allowed to pay for her house and pay the appropriate party. Plaintiff did not challenge a default because she did default due to unforeseen circumstances as many millions of people across the country have. Millions of people who are NOT "deadbeats" or seeking to get a "free house" at the expense of the banks who are only doing what they have to do, but really shouldn't be vilified. When the banks accepted "deadbeat" taxpayer dollars to bail them out of financial distress but are unwilling to allow the "deadbeat" taxpayers to re-negotiate contracts and pay for the taxes they WANT TO PAY FOR in spite of an economic crisis, disparaging comments against the "deadbeat" tax payer are probably not the ideal strategy. Plaintiff wants to pay for her house and wants to pay the party entitled to said payments according to the law. If the appropriate party according to law, does not wish to negotiate with Plaintiff and would rather take the home pursuant to contract, Plaintiff would at least like to have the assurance that the appropriate party, in fact, and according to law, is taking her home and that she will not be subject to further litigation down the road.

## CONCLUSION

Plaintiff concedes that she has made many mistakes and that Defendant(s) are most likely entitled to their motions to dismiss. Plaintiff also understand that the court has the discretion to allow Plaintiff the opportunity to Amend a second time, now that the audits have been received and proper causes of action can be alleged and plead. Plaintiff has made a good faith effort to do something that is absolutely foreign to her, under serious strain and without assistance and prays the Court use said discretion to allow Plaintiff to Amend a second time with proper causes of action. Plaintiff begs the forgiveness of Both Defendants and Counsel as well as the Court for the deficiencies in Plaintiff's pleadings. Plaintiff has secured shadow legal assistance for guidance to prepare a Second Amended Complaint, if allowed to do so. Plaintiff would like the opportunity to properly serve NWTS to cure said defect.

Plaintiff - Segle - Response MTD- 4

1  Newly obtained Forensic Audit and Securitization Audit will change the causes of
2  action presently before the Court and bring up new issues unknown to Plaintiff
3  previously.
4  Further, Affiant sayeth not.

Respectfully submitted by,

*Notary Public
State of Washington
SAMANTHA OAK
My Appointment Expires Dec 16, 2014*

Janet Segle, Plaintiff, pro se
203 Some Day Way
Sequin, WA 98382

STATE OF WASHINGTON
COUNTY OF  Clallam
I certify that I know or have satisfactory evidence that
_Janet Segle_
Is/are the person(s) who appeared before me, and said person(s) acknowledged that _she_ signed this instrument and acknowledged it to be a free and voluntary act for the uses and purposes mentioned in the instrument.
DATED: 3/11/11

_Samantha Oak_

Notary Public in and for the State of Washington,
residing at  680 W. Washington St.
My appointment expires  12/16/14

Plaintiff - Segle - Response MTD- 5

**CERTIFICATE OF SERVICE**

State of Washington)
                   ) sworn and subscribed
County of Clallam  )

**NOTICE OF PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

On March 11, 2011 I Janet Segle did cause to be served via USPS Certified Mail the following document.

Plaintiff's Combined Response to Defendant (s) to Dismiss Pursuant to FRCP 12 (b) (6).

To the following named parties at the following addresses with corresponding Certified Mail numbers

1. PNC Bank/Mortgage/ Corporate Designees
   P.O. Box 1820
   Dayton, OH 45401-1820
   USPS certified mail # 7007 2560 0002 8992 3581

2. Northwest Trustee Services Inc.
   3535 Factoria Blvd. E.
   Bellevue, WA 98006
   USPS certified mail # 7007 2560 0002 8992 3567

3. Routh Crabtree Olsen, P. S./ Corporate Designees
   13555 SE 36th St. Suite 3009
   Bellevue, WA 98006
   USPS certified mail # 7007 2560 0002 8992 3598

I hereby certify that on March 11, 2011, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

```
  1
  2         Matthew Sullivan:      matthewsullivan@dwt.com
  3         Jonathan M. Lloyd:     jonathanlloyd@dwt.com
  4
  5
  6    I Janet Segle a woman, having first-hand knowledge of the
       facts stated herein, do attest under penalty of perjury, freely
       and willingly, that the following facts are true, correct and complete
  7    to the best of my belief and understanding and are not meant to be
       misleading.
  8
  9    [signature: Janet Segle]
       Janet Segle Pro Se
 10    203 Some Day Way
 11    Sequim, WA 98382
       segle@gmail.com
 12
 13                         Acknowledgement
 14    State of Washington)
                           )  ss:
 15    County of Clallam   )
 16
 17    On the 11th day of March, 2011, the signor did personally appear before
       me, is known to be the person described herein, who executed the
 18    foregoing, acknowledged the contents thereof, and executed the same
 19    as his free act and deed. Subscribed and agreed to before me the
       undersigned Notary.
 20
 21    Notary Officer: [signature: Samantha Oak]-+
 22
 23
 24
 25
```

Notary Public
State of Washington
SAMANTHA OAK
My Appointment Expires Dec 16, 2014