The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANET SEGLE,

    Plaintiff,

v.

PNC MORTGAGE, a division of PNC Bank, National Association,

    Defendant.

No. C10-5655 RJB

PNC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

***Re-Noted on Motion Calendar***: March 18, 2011

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 1
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. ADDITIONAL FACTUAL BACKGROUND ................................................... 1

III. ARGUMENT ........................................................................................................ 2

    A. The Court Should Dismiss Ms. Segle's Time-Barred TILA Rescission Claim. .... 2

    B. Ms. Segle Cannot Assert a Plausible Cause of Action Against PNC That Would Entitle Her to the Relief She Seeks. ................................................................... 2

    C. The Court Should Dismiss Ms. Segle's RESPA Claim. ...................................... 4

        1. The May 3 Letter Is Not A QWR. ............................................................ 4

        2. Ms. Segle Alleges No Actual Pecuniary Harm Stemming From Any Failure to Respond to Her Letter. ............................................................ 5

    D. The Court Should Dismiss Ms. Segle's FDCPA Claim Against PNC. ................. 6

    E. The Court Should Dismiss Ms. Segle's Quiet Title Claim Against PNC............... 7

IV. CONCLUSION .................................................................................................... 7

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — i
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION

In her Response to PNC's Motion to Dismiss, Ms. Segle admits her central TILA rescission claim is time-barred and she has not properly stated any other cause of action against PNC. Nonetheless, Ms. Segle asks the Court for leave to file a second amended complaint so she can "ascertain who the real party in interest actually is so that she may negotiate directly with said party as well as to prevent a potentially unlawful foreclosure by parties that do not hold a lawful interest in the subject loan." Resp., ¶ 3. But Ms. Segle cannot state any cause of action against PNC that will entitle her to such relief, either by reformulating her insufficient RESPA, FDCPA and quiet title claims based on supposed "forensic audits" now in her possession, or by asserting any other cause of action. The Court should therefore reject Ms. Segle's request for leave to amend for a second time and should dismiss all of her claims against PNC with prejudice, for the following reasons:

*First,* Ms. Segle has admitted that her TILA rescission claim is time-barred.

*Second*, both governing Washington law and the parties' loan documents preclude Ms. Segle from asserting claims against PNC seeking (a) disclosure of the holder of the Loan Documents, (b) a right to negotiate a modification of her loan, or (c) to prevent a foreclosure based on a "show me the note" argument.

*Third*, despite Ms. Segle's attempt to salvage her RESPA claim by alleging in her Response that PNC's response to her supposed Qualified Written Request ("QWR") was inadequate and damaged her, she cannot state a claim under RESPA because her letter was not a QWR and she has not pleaded any cognizable damages.

*Fourth,* as PNC is not a debt collector, the FDCPA does not apply to it.

*Fifth*, Ms. Segle cannot maintain any quiet title claim against PNC.

## II. ADDITIONAL FACTUAL BACKGROUND

In her Response, Ms. Segle alleges that she "paid for not one but two forensic loan audits between April of 2008 and the present date that were never delivered in hard copy." Resp., ¶ 1(B). She admits, however, that she spoke with the auditors, was informed about "violations

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 1
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

that were allegedly found in the loan documents" and that those supposed violations "were the basis for Plaintiff's Original complaint and Amended Complaint." *Id*. Yet, Ms. Segle has never identified a single act by PNC or aspect of the loan documents that supposedly violated any statute, right or obligation.

On or about March 10, 2011, Northwest Trustee Services, Inc. ("NWTS"), the successor trustee under the Deed of Trust, recorded a Trustee's Deed with the Clallam County Auditor under Auditor No. 2011-1263801, which divested Ms. Segle of any interest in the property that secured her debt to PNC. *See* Declaration of Matthew Sullivan ("Sullivan Decl."), Ex. A.[1] Ms. Segle never sought an injunction to prevent NWTS from proceeding with the trustee's sale, the exclusive mechanism that the Washington Deed of Trust act provides for a grantor to prevent a trustee's sale. *See* RCW 61.24.130.[2]

## III. ARGUMENT

### A. The Court Should Dismiss Ms. Segle's Time-Barred TILA Rescission Claim.

Ms. Segle now admits that, pursuant to *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998), she has no right to seek rescission of her loan under the TILA. Resp., ¶ 6 ("PNC's Motion to Dismiss . . . has merit in part as related to TILA Rescission"). The Court should therefore dismiss Ms. Segle's TILA rescission claims with prejudice.

### B. Ms. Segle Cannot Assert a Plausible Cause of Action Against PNC That Would Entitle Her to the Relief She Seeks.

In her Response, Ms. Segle candidly admits that, as she cannot rescind her loan under the TILA, her goal in this lawsuit is to "[a]scertain who the real party in interest actually is so that she may negotiate directly with said party as well as to prevent a potentially unlawful foreclosure

---

[1] The Court may take judicial notice of the Trustee's Deed because it is publicly recorded with the Clallam County Auditor and is available through its website - http://vpn.clallam.net:8080/recorder/web/splash.jsp. *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (judicially noticing facts from government website).

[2] Ms. Segle's failure to enjoin the trustee's sale resulted in a waiver of all of the claims pled in the Amended Complaint. *See* RCW 61.24.127. The only claims that survive a trustee's sale are fraud, failure of the trustee to comply with the Deed of Trust Act, and any alleged violation of the Consumer Protection Act. *Id*. Thus, as a matter of law, Ms. Segle cannot maintain any of her claims against PNC. On this basis alone, the Court should dismiss her claims.

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 2
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

by parties that do not hold a lawful interest in the subject loan." Resp., ¶ 3. She therefore asks the Court to allow her to file a Second Amended Complaint in her continuing efforts to obtain such relief. But neither federal law nor Washington law provide any cause of action that Ms. Segle could assert against PNC that would entitle her to this relief. In fact, both governing Washington law and the parties' Loan Documents expressly preclude Ms. Segle from asserting such claims against PNC.

*First*, Ms. Segle has no right to know the identity of the holder of the Loan Documents. Indeed, she expressly agreed in the Loan Documents that "the Lender may transfer this Note" and that the "Note or a partial interest in the Note (together with [the Deed of Trust]) can be sold one or more times *without prior notice* to Borrower." Declaration of Brian Arthur in Support of PNC's Motion to Dismiss, Ex. C, ¶ 1; Ex. D, ¶ 20 (emphasis added). The Loan Documents therefore require only that Ms. Segle be informed of a change of loan servicer, not of any change in the ownership of the underlying Note. *See id.*, Ex. D, ¶ 20.

*Second*, Ms. Segle has no right to negotiate or obtain a modification of her loan. The Washington Supreme Court has expressly held that lenders have *no duty to cooperate* in a borrower's efforts to restructure a loan. *See Badgett v. Sec. State Bank*, 116 Wn.2d 563, 570 (1991) (*en banc*). In *Badgett*, the Court noted that, "[w]hile the parties *may* choose to renegotiate their agreement, *they are under no good faith obligation to do so*." *Id.* at 572 (emphasis added). As the *Badgett* Court explained:

> By urging this court to find that the Bank had a good faith duty to affirmatively cooperate in their efforts to restructure the loan agreement, in effect the Badgetts ask us to expand the existing duty of good faith to create obligations on the parties in addition to those contained in the contract-a free-floating duty of good faith unattached to the underlying legal document. This we will not do. The duty to cooperate exists only in relation to performance of a specific contract term. *As a matter of law, there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms*. The Badgetts received the full benefit of their contract when they received the amount of money they bargained for at the agreed rate of interest for the agreed period of time.

*Id.* at 570 (internal citations omitted) (emphasis added). Ms. Segle therefore cannot assert a cause of action against PNC based on her inability to negotiate a loan modification.

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 3
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

***Third***, Ms. Segle's supposed interest in preventing a "potentially unlawful foreclosure" does not give rise to any cause of action. The Washington Deed of Trust Act requires only that a foreclosing lender prove its ownership of the underlying note to the trustee (but not to the grantor of the note) by means of a sworn declaration. *See* RCW 61.24.030(7). Courts in this District thus have repeatedly rejected borrowers' "show me the note" arguments seeking to require production of original loan documents. *See, e.g., Mikhay v. Bank of America, N.A.*, 2011 WL 167064, at *2-*3 (W.D. Wash. Jan. 12, 2011) (noting that the plaintiffs "do not cite any authority requiring [the foreclosing lender] to affirmatively prove [its] ownership [of the note] to the Plaintiffs"); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. Jan. 4, 2011); *Pelzel v. First Saving Bank Northwest*, 2010 WL 3814285, at *2 (W.D. Wash. Sept. 27, 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. March 24, 2010). In any event, as NWTS sold the Property at the trustee's sale, any such claim would be moot. *See* Sullivan Decl., Ex. A.

### C. The Court Should Dismiss Ms. Segle's RESPA Claim.

In her Response, Ms. Segle seeks to avoid dismissal of her RESPA claim by reformulating it as a claim that PNC "failed or refused to answer the questions and supply the documentation requested" in her alleged QWR and thus prevented her from having "critical information that would allow her to know exactly who the real party of interest in the loan was as well if proper recording and transfer and negotiation procedures were followed" and opened her up to potential "further litigation by other parties claiming an interest in her property." Resp. ¶ 10. Even if the Court permitted Ms. Segle to amend her RESPA claim in this unorthodox manner, her allegations fail to state a plausible cause of action against PNC, for several reasons.

#### 1. The May 3 Letter Is Not A QWR.

Ms. Segle's revised RESPA claim fails because the letter she sent to PNC on May 3, 2010 (the "May 3 Letter") does not qualify as a QWR. RESPA defines a QWR as written correspondence from a borrower to a lender that requests information about the ***servicing*** of a

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 4
DWT 16733734v3 0091657-000005

loan. *See* 24 C.F.R. § 3500.21(e) (emphasis added). RESPA vests borrowers with the right to send a QWR to their loan servicer if they believe an error occurred in the servicing of their loan or to request information regarding their account. *See* 12 U.S.C. § 2605(e). However, recognizing the significant consequences in subjecting loan servicers to "frivolous requests for document production at the expense of loan and servicing companies," particularly given RESPA's strict time limitations for responding to QWRs, this Court has held that, unless a borrower's letter identifies specific reasons for claiming that an account is in error, it does not qualify as a QWR. *Pettie v. Saxon Mortg. Services*, 2009 WL 1325947, *2 (W.D. Wash. May 12, 2009); *see Eifling v. National City Mortgage*, 2011 WL 893233, *2-*3 (W.D. Wash. March 15, 2011); *but see Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 686 (7th Cir. 2011); *Moon v. GMAC Mortg. Corp.*, 2009 WL 3185596 (W.D. Wash. Oct. 2, 2009). In *Pettie*, Judge Leighton held that a borrower's "inquiry letter" disputing the amount they owed and requesting 26 sets of documents was not a QWR.

Ms. Segle's May 3 Letter is exactly the sort of frivolous letter that Judge Leighton deemed insufficient to qualify as a QWR in *Eifling* and *Pettie*. The May 3 Letter references Ms. Segle's general concerns with the lending industry and "DEMAND[S] that [PNC] demonstrate that I have not been the victim of such predatory, fraudulent serving or lending practices that have occurred throughout the nation," but fails to identify any supposed error with the loan servicing or basis for Ms. Segle's dispute of the loan fees and charges. Am. Compl., Ex. C, at 3. The letter requests ***192 categories of documents or information***, most of which have nothing to do with the servicing of Ms. Segle's loan. The Court should find that the May 3 Letter does not constitute a QWR, and dismiss Ms. Segle's revised RESPA claim with prejudice.

### 2. Ms. Segle Alleges No Actual Pecuniary Harm Stemming From Any Failure to Respond to Her Letter.

Even if the Court were to find that those limited portions of the May 3 Letter that address loan servicing could constitute a QWR, Ms. Segle's revised RESPA claim still fails. As PNC discussed in its Motion, and as a recent unpublished Ninth Circuit opinion recently noted, a

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 5
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

plaintiff must plead actual pecuniary damages arising from the supposed RESPA violation in order to state a cognizable claim. *See* Mot., at 8; *Sitanggang v. Countrywide Home Loans, Inc.*, 2011 WL 795556, at *1 (9th Cir. Mar. 8, 2011). Ms. Segle's damages allegations do not satisfy this requirement: she fails to identify ***any*** pecuniary damages, relying instead on attenuated or non-existent harms that cannot support a cause of action against PNC.

Ms. Segle's claim that she was harmed by her alleged inability to determine "exactly who the real party of interest in the loan was as well if proper recording and transfer and negotiation procedures were followed" cannot support a RESPA claim for failure to respond to a QWR because it relates to the ***ownership***, rather than the ***servicing***, of her loan. *See* 12 U.S.C. § 2605(e) (RESPA section on QWRs, entitled "Servicing of mortgage loans"); 24 C.F.R. § 3500.21(e) (defining a QWR as written correspondence from a borrower to a lender that requests information about the servicing of a loan).

Ms. Segle's assertion that PNC's allegedly insufficient response to the May 3 Letter harmed her by exposing her to potential liability to other parties claiming an interest in the Property is similarly meritless. As an initial matter, this supposed harm is illusory, as PNC has established that it owned the Loan Documents until the trustee's sale. *See supra*, at 4-5; Mot., at 3 n.1. And now that NWTS has sold the Property pursuant to the Deed of Trust Act, Ms. Segle cannot be liable for any claims relating to the Property (which she no longer owns), or for the loan obligation that the Property secured. *See* RCW 61.24.100(1) (recognizing that a trustee's sale extinguishes a borrower's liability on the obligation secured by the foreclosed deed of trust).

As Ms. Segle has not identified and cannot identify any actual harm resulting from PNC's alleged failure to respond properly to the May 3 Letter, the Court should dismiss Ms. Segle's RESPA claim with prejudice.

**D.    The Court Should Dismiss Ms. Segle's FDCPA Claim Against PNC.**

Ms. Segle "concedes that Fair Debt Collection Practices Act Cause of action was not properly plead [*sic*]," but claims that "the recently received Forensic Audit and Securitization Audit give rise to FDCPA violations as a plausible cause of action" against PNC. Resp., ¶ 12.

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 6
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

But regardless of what those supposed audit reports may say about Ms. Segle's loan from PNC, they ***cannot*** establish that PNC was a debt collector (rather than a creditor or loan servicer) or that its actions in directing the trustee to foreclose on the Property under the Deed of Trust constituted an attempt to collect a debt. *See* Mot., at 9-10. Therefore, Ms. Segle cannot state a claim against PNC under the FDCPA, and the Court should dismiss that claim with prejudice.

### E. The Court Should Dismiss Ms. Segle's Quiet Title Claim Against PNC.

Ms. Segle also "concedes that Quiet Title as currently plead [*sic*] is improper," but claims that "the recently received Forensic Audit and Securitization Audit give rise to Quiet Title as a plausible cause of action" against PNC. Resp., ¶ 13. However, as PNC noted in its Motion, borrowers who default under their loan obligations cannot bring a quiet title action against their lender to obtain relief from the lien of the Deed of Trust, absent an allegation that they are "the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Evans v. BAC Home Loans Servicing LP*, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010); s*ee* Mot., at 11. Yet, Ms. Segle admits in her Response that she defaulted on her loan obligations. *See* Resp., ¶ 14. Moreover, in light of NWTS's sale of the Property to Fannie Mae, PNC no longer has any claim on the Property, and thus cannot properly be named as a defendant to a quiet title claim.

### IV. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in its Motion to Dismiss, PNC respectfully requests the Court dismiss Ms. Segle's claims and enter judgment in its favor. The Court should therefore dismiss her claims with prejudice and deny her leave to amend. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (affirming dismissal without leave to amend where amendment is futile).

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 7
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| | |
|---|---|
| 1 | DATED this 18th day of March, 2011. |
| 2 | Davis Wright Tremaine LLP |
| 3 | Attorneys for Defendant PNC Mortgage, a division of PNC Bank National Association |
| 4 | By */s/ Matthew Sullivan* |
| 5 | Jonathan M. Lloyd, WSBA #37413<br>Matthew Sullivan, WSBA #40873 |
| 6 | 1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045 |
| 7 | Telephone: (206) 622-3150<br>Fax: (206) 757-7700 |
| 8 | E-mail: jonathanlloyd@dwt.com<br>matthewsullivan@dwt.com |

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 8

DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Janet Segle:    seglej@gmail.com
                              jsegle@olypen.com

        Joshua Schaer: jschaer@rcolegal.com
                                  tkwong@rcolegal.com

Dated this 18th day of March, 2011.

                              Davis Wright Tremaine LLP
                              Attorneys for Defendant PNC Mortgage

                              By */s/ Matthew Sullivan*
                                   Jonathan M. Lloyd, WSBA #37413
                                   Matthew Sullivan, WSBA #40873
                                   Suite 2200, 1201 Third Avenue
                                   Seattle, Washington  98101-3045
                                   Telephone: (206) 757-8257
                                   Fax: (206) 757-7257
                                   E-mail: jonathanlloyd@dwt.com
                                   E-mail: matthewsullivan@dwt.com

REPLY IN SUPPORT OF MOTION TO DISMISS (C10-5655 RJB) — 9
DWT 16733734v3 0091657-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700